NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY WEBSTER,<br><br>  Plaintiff,<br><br>  v.<br><br>FLAGSHIP CREDIT ACCEPTANCE, LLC and EQUIFAX INFORMATION SERVICES, LLC,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

NOW comes KATHY WEBSTER ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of FLAGSHIP CREDIT ACCEPTANCE, LLC ("Flagship") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and Flagship's violations of the

1

Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq*.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a consumer over 18-years-of-age residing in Solano County, California, which lies within the Eastern District of California.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

7. Flagship "originates or purchases automobile contracts that are secured by new and used automobiles purchased by consumers from predominantly franchised or established independent

automobile dealerships."[1] Flagship is limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 3 Christy Drive, Suite 201, Chadds Ford, Pennsylvania 19317.  Flagship's registered agent is located at 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.  Flagship uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of California. Furthermore, Flagship is a furnisher of credit information to the major credit reporting agencies, including co-Defendant Equifax.

**FACTS SUPPORTING CAUSE OF ACTION**

8. Several years ago, Plaintiff purchased an automobile, which was financed through Flagship ("subject account").

9. Plaintiff eventually paid-off the entirety of the subject account, thus satisfying all obligations to Flagship.

10. In early 2019, Plaintiff was looking to improve her credit, so she accessed her Equifax consumer report and noticed inaccuracies pertaining to the subject account.

11. For example, in spite of the fact that the subject account was paid in full, Equifax was continuing to report monthly terms, along with a "Scheduled Payment Amount" of $560.

12. Plaintiff was taken aback by this notation, as she paid the entirety of the subject account, and was thus no longer liable to remit a scheduled monthly payment of $560.

13. Consequently, on June 6, 2019, Plaintiff initiated a written credit dispute with Equifax. Specifically, Plaintiff informed Equifax that the subject account (Flagship Crd – 630631XXX) is closed and requested that it remove the erroneous credit reporting of the "Scheduled Payment Amounts" corresponding to the paid subject account.

---

[1] https://www.flagshipcredit.com/our-services

3

14. Plaintiff sent this dispute letter, along with her driver's license and social security identification, to Equifax via certified U.S. mail.

15. Upon information and belief, Flagship received notice of Plaintiff's dispute within five days of Equifax receiving notice of Plaintiff's written dispute. *See* 15 U.S. Code §1681i(a)(2).

16. On or about July 1, 2019, Equifax responded by failing to reasonably investigate Plaintiff's credit dispute. Specifically, Equifax stated that it has researched the subject account and determined that the scheduled payment amount is being reported correctly, as seen below:

**The Results Of Our Reinvestigation**

**Credit Account Information**
(For your security, the last 4 digits of account number(s) have been replaced by *.) (This section includes open and closed accounts reported by credit grantors)

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |

>>> We have researched the credit account. Account # - 6306311363696* The results are: The creditor has verified to OUR company that the scheduled payment amount is being reported correctly. If you have additional questions about this item please contact: Flagship Credit Acceptance, 3 Christy Dr Ste 201, Chadds Ford PA 19317-9670 Phone: (800) 707-0114

**Flagship Credit Acceptance, llc** 3 Christy Dr Ste 201 Chadds Ford PA 19317-9670 (800) 707-0114

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 6306311363696* | 04/09/2016 | $25,834 | $0 | 72M | Monthly | 12 | Paid and Closed | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del, 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2019 | $0 | $0 | 03/2017 | $0 | $560 | | 03/2017 | | $0 | | $0 | | 03/2017 |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Pays As Agreed | Installment | Auto | Individual Account | | |

17. Despite having actual knowledge that Plaintiff no longer had a monthly scheduled payment amount, as Plaintiff paid the subject account in full, as well as after receiving Plaintiff's dispute, Defendants continued to incorrectly report the subject debt with a scheduled payment amount of $560.

18. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

19. The reporting of the Flagship trade line is patently inaccurate and materially misleading given the complete absence of any scheduled monthly payments between Plaintiff and Flagship.

4

Plaintiff satisfied all the terms of her agreement with Flagship, and thus, no longer had any obligation to remit a monthly payment to Flagship. Accordingly, the scheduled monthly payment amount should state "$0."

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

20. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject accounts has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding monthly payments impacting any ability to meet potential future obligations.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

22. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

23. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax credit files.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST FLAGSHIP)

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

26. Flagship is a "person" as defined by 15 U.S.C. §1681a(b).

27. Flagship is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

28. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

29. Flagship violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

30. Flagship violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

31. Had Flagship reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate representation as to monthly payments, and transmitted the correct information to Equifax. Instead, Flagship wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

32. Flagship violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

33. Flagship violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

34. Flagship violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

35. Flagship failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

36. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, Flagship did not correct the errors or trade line to report accurately. Instead, Flagship wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Equifax.

37. A reasonable investigation by Flagship would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

38. Had Flagship taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

39. By deviating from the standards established by the debt collection industry and the FCRA, Flagship acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff, KATHY WEBSTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Flagship to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST EQUIFAX)

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

42. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

43. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

44. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

45. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

46. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

47. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

48. Plaintiff provided Equifax with all relevant information in her June 6, 2019 request for investigation to reflect that she is no longer liable for the subject account, and thus, should not be responsible for a monthly scheduled payment amount.

49. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject accounts with a scheduled payment amount, when in fact, Plaintiff was no longer obligated to pay on the subject account.

50. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

51. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

52. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Flagship. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Flagship regarding Plaintiff's dispute that Equifax received from Plaintiff.

53. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

54. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

55. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Flagship that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

56. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Flagship trade lines as having an erroneous monthly payment due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing.

57. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

58. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

59. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

60. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

61. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

62. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its significant responsibility to report accurate data on consumers.

63. As stated herein, Plaintiff has been harmed by Equifax's conduct.

WHEREFORE, Plaintiff, KATHY WEBSTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

   c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

   d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
(AGAINST FLAGSHIP)

64. Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

66. The subject account arises out of a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

67. Flagship is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

68. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

**i. Violations of the FDCPA § 1692e**

69. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

70. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

11

71. Flagship violated §1692e, e(8), and e(10) when it communicated patently false and damaging information to Equifax that Plaintiff was still responsible to make monthly payments, despite the fact that she paid the subject account in full. In spite of Plaintiff's fulfillment of her obligations to Flagship, as well as her written credit disputes, Flagship continued to willfully communicate false credit information to Equifax.

72. As plead herein, Plaintiff has been harmed and suffered damages as a result of Flagship's illegal actions.

WHEREFORE, Plaintiff, KATHY WEBSTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Award any other relief as the Honorable Court deems just and proper.

Dated: July 29, 2019                     Respectfully submitted,

                                         By: /s/ Nicholas M. Wajda
                                         Nicholas M. Wajda
                                         WAJDA LAW GROUP, APC
                                         11400 West Olympic Boulevard, Suite 200M
                                         Los Angeles, California 90064
                                         Telephone: (310) 997-0471
                                         Facsimile: (866) 286-8433
                                         Email: nick@wajdalawgroup.com